# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

JEWEL GLOVER, individually and as )
Power of Attorney for )
ROBERT C. GLOVER ) C. A. No. N19C-10-178 MAA
)
Plaintiffs, )
)
v. ) TRIAL BY JURY OF 12
) DEMANDED
DELAWARE HEALTH CORPORATION )
t/a PARKVIEW NURSING & )
REHABILITATION COMPANY, )
A Delaware corporation, )
)
Defendant. )

## ORDER

### Upon Defendant's Request to Determine if the Affidavit of Merit Complics with 18 Del. C. §§ 6853(a)(1) and (c) – *AFFIDAVIT OF MERIT REJECTED*

1. On November 18, 2019, Defendant filed a motion requesting the Court review Plaintiff's affidavit of merit, *in camera*, to determine whether it complies with 18 *Del. C.* § 6853(a)(1) and (c). Specifically, Defendant asks the Court to review the affidavit of merit for the following statutory requirements:

    a. That it is signed by an expert witness;

    b. That it is accompanied by a curriculum vitae;

    c. That the affidavit of merit states all its opinions with reasonable medical probability;

d. That it gives an opinion that there has been healthcare medical negligence against each defendant;

e. That the expert gives an opinion that each breach against each defendant was the proximate cause of injuries alleged in the complaint;

f. That each *curriculum vitae* establishes that the expert shall be licensed to practice medicine as of the date of the affidavit;

g. That each curriculum vitae establishes that the expert, for the three years preceding the negligent act, has been engaged in the treatment of patients and/or in the teaching/academic side of medicine in the same or similar field of medicine as these defendants.[1]

2. In Delaware, a healthcare negligence lawsuit must be filed with an affidavit of merit, signed by an expert, and accompanied by the expert's current *curriculum vitae*.[2] Pursuant to Section 6853(c), the expert must be licensed to practice medicine as of the affidavit's date and engaged in the same or similar field as the defendant in the three years immediately preceding the alleged negligence.[3] The affidavit must also state that

---

[1] While Defendant states that the field of medicine is "dentistry," the Court believes this to be a typographical error.
[2] 18 *Del. C.* § 6853(a)(1).
[3] *Id.* at § 6853(c).

2

reasonable grounds exist to believe the defendant was negligent in a way the *proximately caused* the plaintiff's injury.[4]

3.    While the statute's requirements are minimal[5], they are nonetheless requirements that must be followed. Here, the Court is satisfied that the affidavit is signed by an expert witness, a registered nurse, and is accompanied by the expert's *curriculum vitae*.[6]  The *curriculum vitae*, however, appears to be outdated – among other things, it lists that the expert *expects* to graduate from her master's program in 2015. Moreover, although the *curriculum vitae* states that the expert has been engaged in treating patients, it is unclear from the *curriculum vitae* or the affidavit whether the expert "in the 3 years immediately preceding the alleged negligent has been engaged in the treatment of pateints....in the same or similar field of medicine as the defendant" pursuant to 18 *Del. C.* § 6853(c).

4.    The affidavit also states that its opinions are with a reasonable medical probability, and gives the expert's opinion that there has been healthcare medical negligence against the defendant. The affiant offers no clear opinion, however, that the negligence proximately caused Mr. Glover's complications. Rather, the affiant only

---

[4]    *Id.*

[5]    *See Willey v. Glasgow Internal Medicine Assoc., P.A.*, 2018 WL 1050494 (Del. Super. Feb. 26, 2018).

[6]    A registered nurse may qualify as an expert "licensed to practice medicine" under Section 6853. *See, e.g., Harris v. Christiana Care Health Serv., Inc.*, 2006 WL 1148478 (Del. Super. Apr. 13, 2006); *Wagner v. Christiana Care Health Serv., Inc.*, 2015 WL 13697661 (Del. Super. Oct. 15, 2015).

3

testifies that the purported negligence "caused" injuries to Mr. Glover. Pursuant to statute, the Court "must be satisfied that the expert is prepared to meet the 'but for' proximate cause standard."[7] "If the expert believes Defendant['s] negligence proximately caused [Plaintiff's] injuries, the affidavit should say so in simple, clear language."[8] Otherwise, without a proper affidavit, this case must be dismissed.[9]

5.      Because the errors in the affidavit and *curriculum vitae* may be merely drafting errors, and the affidavit otherwise substantially complies with the statute, the Court will allow Plaintiff three weeks from the date of this Order in which to file an acceptable affidavit "clearly stating that 'but for Defendant's negligence, Plaintiff's [injuries] would not have occurred,' if that is what the expert believes."[10]

6.      If the affidavit and *curriculum vitae* are amended, the Court will review them. If the affidavit and *curriculum vitae* are not perfected in time, the Court will dismiss the complaint without further notice or opportunity to be heard.

**IT IS SO ORDERED this 3rd day of December, 2019.**

**The Honorable Meghan A. Adams**

---

[7]      *Janssen v. Christiana Care Health Sys., Inc.*, 2015 WL 1057727 (Del. Super. Feb. 10, 2015) (citation omitted).
[8]      *Id.* (citation omitted).
[9]      *Id.* (citation omitted).
[10]     *Id.*